## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KIRK MOSBY (#561203)**

**VERSUS**

**JEFF LANDRY, ET AL.**

**CIVIL ACTION**

**NO. 17-497-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KIRK MOSBY (#561203)**

**VERSUS**

**JEFF LANDRY, ET AL.**

**CIVIL ACTION**

**NO. 17-497-JWD-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application, and the petitioner has filed a response. *See* R. Docs. 5 and 7. There is no need for oral argument or for an evidentiary hearing.

On or about July 27, 2017, the *pro se* petitioner, an inmate now confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence, entered in 2009 in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, on two counts of aggravated rape.

**Procedural History**

In October of 2009, the petitioner was found guilty of two counts of aggravated rape, and on November 17, 2009 was sentenced to life imprisonment on each count, to be served consecutively. The petitioner thereafter filed an appeal, and on September 10, 2010 his conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal. *See State v. Mosby,* 10-0508 (La. App. 1 Cir. 9/10/10), 46 So.3d 285. The petitioner sought further review which was denied by the Louisiana Supreme Court on March 4, 2011. *See State v. Mosby*, 10-2306 (La. 3/4/11), 58 So.3d 470.

On or about September 15, 2011, the petitioner filed his first application for post-conviction relief ("PCR"), which was denied by the trial court. The petitioner sought further review of the denial of his PCR application, which was denied by the First Circuit, and later by the Louisiana

Supreme Court on February 7, 2014. *See State ex. rel. Mosby v. State*, 13-1655 (La. 2/7/14), 131 So.3d 855.

On or about May 12, 2015, the petitioner field his second application for post-conviction relief, which was denied by the trial court. The petitioner sought further review of the denial of his PCR application, which was denied by the First Circuit, and later by the Louisiana Supreme Court on May 19, 2017. *See State ex. rel. Mosby v. State*, 16-1151 (La. 5/19/17), 219 So.3d 1076.[1] On or about July 27, 2017, the petitioner filed the present application.

**Applicable Law and Analysis**

Based upon the foregoing, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the

---

[1] The petitioner's writ was not considered by the Louisiana Supreme Court because it was untimely filed.

petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

The petitioner's conviction became final on June 2, 2011, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court on March 4, 2011 in connection with his direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thereafter, approximately 105 days elapsed until the petitioner filed his PCR application on September 15, 2011. The petitioner's PCR application remained pending until the Louisiana Supreme Court denied his writ application on February 7, 2014. Approximately 459 days elapsed between the denial of the petitioner's writ application and the filing his second PCR application on May 12, 2015.

Additionally, although the petitioner, in connection with the denial of his second PCR application, filed an application for supervisory writs with the Louisiana Supreme Court, his application was denied as untimely. In contrast to an untimely writ application filed before the intermediate appellate court, which has been held, pursuant to *Melancon v. Kaylo*, *supra*, to be "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review. *See* Louisiana Supreme Court Rule X, § 5(a). This Rule provides that a writ application before that Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted." As a result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" and is therefore not "pending" before that Court. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for

post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines").

Accordingly, the pendency of the petitioner's untimely writ application in the Louisiana Supreme Court never interrupted the running of the limitations period. *Williams v. Cain*, *supra*. Thus, this Court is required to count against the time clock the period between January 11, 2015, the last day allowed to the petitioner to seek timely review in the Louisiana Supreme Court, and July 27, 2017, the date of filing of the instant petition. This results in a finding of an additional 928 days of un-tolled time elapsed during which the petitioner did not have any properly filed application for post-conviction or other collateral relief pending before the state courts. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled to equitable tolling. The record does not reflect that there is any basis for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy

the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D.Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner has not shown that he acted diligently in pursuing his post-conviction relief proceedings in the state courts. Over a year elapsed between the denial of his first PCR application and the filing of the petitioner's second PCR application. Over two years elapsed between the denial of the petitioner's writ application, filed in connection with his second PCR application, by the First Circuit and the filing of the instant petition. Such extended periods of inactivity cannot be considered reasonable diligence. Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**